IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BIAL - PORTELA & CA S.A., BIAL -      )
HOLDING, S.A., and SUNOVION           )
PHARMACEUTICALS INC.,                 )
                                      )
            Plaintiffs,               )      C.A. No. _____
                                      )
      v.                              )
                                      )
JUBILANT LIFE SCIENCES LIMITED,       )
JUBILANT PHARMA LIMITED, JUBILANT )
GENERICS LIMITED, JUBILANT LIFE       )
SCIENCES (USA) INC., and JUBILANT     )
CADISTA PHARMACEUTICALS INC.,         )
                                      )
            Defendants.               )

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs BIAL - PORTELA & CA S.A., BIAL - HOLDING, S.A., and Sunovion

Pharmaceuticals Inc. (collectively, "Plaintiffs"), by their attorneys, for their Complaint against

Defendants Jubilant Life Sciences Limited ("Jubilant Life Sciences"), Jubilant Pharma Limited

("Jubilant Pharma"), Jubilant Generics Limited ("Jubilant Generics"), Jubilant Life Sciences

(USA) Inc. ("Jubilant USA"), and Jubilant Cadista Pharmaceuticals Inc. ("Jubilant Cadista")

(collectively, "Jubilant"), allege as follows:

## THE PARTIES

1.      BIAL - PORTELA & CA S.A. is a Portuguese corporation having its principal

place of business at Avenida da Siderurgia Nacional, Coronado (São Romão and São Mamede),

4745 455 Trofa, Portugal.

2.      BIAL - HOLDING, S.A. is a Portuguese corporation having its principal place of

business at Avenida da Siderurgia Nacional, Coronado (São Romão and São Mamede), 4745 365

Trofa, Portugal.

{01573806;v1 }                              1

3.      BIAL - PORTELA & CA S.A. and BIAL - HOLDING, S.A. (collectively, "Bial") are in the business of developing innovative therapies for epilepsy, partial-onset seizures, and other related neurological conditions. Bial's asserted patent(s) cover APTIOM®, which is marketed and sold in this judicial district and throughout the United States by Sunovion Pharmaceuticals Inc. for treating partial-onset seizures in patients 4 years of age and older.

4.      Sunovion Pharmaceuticals Inc. ("Sunovion") is a corporation operating and existing under the laws of the State of Delaware, with its principal place of business at 84 Waterford Drive, Marlborough, Massachusetts 01752.

5.      On information and belief, Jubilant Life Sciences is a corporation organized and existing under the laws of India, with its principal place of business at 1A, Sector 16A, Noida – 201301, Uttar Pradesh, India.

6.      On information and belief, Jubilant Life Sciences is in the business of, *inter alia*, manufacturing, marketing, and selling generic copies of branded pharmaceutical products throughout the United States, including the State of Delaware.

7.      On information and belief, Jubilant Pharma is a corporation organized and existing under the laws of Singapore, with its principal place of business at 6 Temasek Boulevard, #20-06 Suntec City Tower Four, Singapore 038986.

8.      On information and belief, Jubilant Pharma is a subsidiary of Jubilant Life Sciences.

9.      On information and belief, Jubilant Pharma is in the business of, *inter alia*, manufacturing, marketing, and selling generic copies of branded pharmaceutical products throughout the United States, including in the State of Delaware.

10.     On information and belief, Jubilant Generics is a corporation organized and existing under the laws of India, with its principal place of business at 1A, Sector 16A, Noida – 201301, Uttar Pradesh, India.

11.     On information and belief, Jubilant Generics is a wholly owned subsidiary of Jubilant Life Sciences.

12.     On information and belief, Jubilant Generics is in the business of, *inter alia*, manufacturing, marketing, and selling generic copies of branded pharmaceutical products throughout the United States, including in the State of Delaware.

13.     On information and belief, Jubilant USA is a corporation organized and existing under the laws of Delaware, with its principal place of business at 790 Township Line Road, Suite 175, Yardley, Pennsylvania 19067.

14.     On information and belief, Jubilant USA is a wholly owned subsidiary of Jubilant Life Sciences.

15.     On information and belief, Jubilant USA is in the business of, *inter alia*, manufacturing, marketing, and selling generic copies of branded pharmaceutical products throughout the United States, including in the State of Delaware. On information and belief, Jubilant USA is the marketing office for Jubilant Life Sciences, Jubilant Pharma, and Jubilant Generics in the United States.

16.     On information and belief, Jubilant Cadista is a corporation organized and existing under the laws of Delaware, with its principal place of business at 207 Kiley Drive, Salisbury, Maryland 21801.

17.     On information and belief, Jubilant Cadista is a wholly owned subsidiary of Jubilant Life Sciences.

18. On information and belief, Jubilant Cadista is in the business of, *inter alia*, manufacturing, marketing, and selling generic copies of branded pharmaceutical products throughout the United States, including in the State of Delaware.

19. On information and belief, the acts of Jubilant Generics complained of herein were done with the cooperation, participation, and assistance of Jubilant Life Sciences, Jubilant Pharma, Jubilant USA, and Jubilant Cadista.

20. On information and belief, and consistent with their practice with respect to other generic products, following FDA approval of Eslicarbazepine Acetate Tablets 200, 400, 600, and 800 mg Abbreviated New Drug Application ("ANDA") No. 211219, Jubilant Life Sciences, Jubilant Pharma, Jubilant Generics, Jubilant USA, and Jubilant Cadista will act in concert to distribute and sell the generic product described in Eslicarbazepine Acetate Tablets 200, 400, 600, and 800 mg ANDA No. 211219 ("Jubilant's Generic Product") throughout the United States, including the State of Delaware.

## **NATURE OF THE ACTION**

21. This is a civil action for patent infringement of U.S. Patent No. 10,675,287 ("the '287 patent" or "the patent-in-suit") arising under the United States Patent Laws, Title 35, United States Code, § 1, *et. seq.*, and in particular under 35 U.S.C. § 271. This action relates to ANDA No. 211219, which Jubilant filed or caused to be filed under 21 U.S.C. § 355(j) with the United States Food and Drug Administration ("FDA"), for approval to market in the United States a generic copy of Plaintiffs' APTIOM® product prior to the expiration of the patent-in-suit.

22. Jubilant has infringed one or more claims of the '287 patent under 35 U.S.C. § 271(e)(2)(A) by virtue of its filing of ANDA No. 211219 seeking FDA approval for the commercial manufacture, use, import, offer for sale, and/or sale in the United States of generic APTIOM® (eslicarbazepine acetate) Tablets for the treatment of patients with partial-onset

seizures prior to the expiration of the '287 patent, or any extensions thereof. Jubilant will infringe one or more claims of the '287 patent under 35 U.S.C. § 271(a), (b), or (c) should it engage in the commercial manufacture, use, offer for sale, sale, distribution in, or importation into the United States of generic APTIOM® (eslicarbazepine acetate) Tablets for the treatment of patients with partial-onset seizures prior to the expiration of the '287 patent, or any extensions thereof.

23.     Plaintiffs previously filed a separate action in this Court against Jubilant for patent infringement, which included counts for infringement of U.S. Patent Nos. 9,750,747 ("the '747 patent"), 8,372,431 ("the '431 patent"), 9,206,135 ("the '135 patent"), 9,566,244 ("the '244 patent"), 9,643,929 ("the '929 patent"), and 9,763,954 ("the '954 patent). *Bial - Portela & CA S.A., et al. v. Jubilant Life Sciences Limited, et al.,* C.A. No. 18-336-CFC (the "First Suit") was filed on March 1, 2018.  The First Suit was filed in response to a letter from Jubilant dated January 15, 2018 ("Jubilant's Notice Letter"), for ANDA No. 211219 pursuant to § 505(j)(2)(b)(iv) of the Federal Food, Drug, and Cosmetic Act and 21 C.F.R. § 314.95, concerning the '747 patent, the '431 patent, the '135 patent, the '244 patent, the '929 patent, and the '954 patent. The First Suit included counts for infringement of the '747 patent, the '431 patent, the '135 patent, the '244 patent, the '929 patent, and the '954 patent.

24.     The First Suit did not include counts for infringement of U.S. Patent No. 5,753,646 ("the '646 patent"), which will expire on June 27, 2021, because Jubilant's Notice Letter did not assert noninfringement or invalidity of the '646 patent. Based on information and belief, Jubilant is maintaining its certification as to the '747 patent, the '431 patent, the '135 patent, the '244 patent, the '929 patent, and the '954 patent set out in Jubilant's Notice Letter. Thus, Plaintiffs will continue to prosecute all infringement counts presented in the First Suit.

## JURISDICTION AND VENUE

25.    Plaintiffs incorporate by reference the prior paragraphs of this Complaint as if fully set forth herein.

26.    This is a civil action for patent infringement and declaratory judgment arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, including 35 U.S.C. § 271, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

27.    This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

28.    Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c), and 1400(b), because Jubilant USA and Jubilant Cadista are incorporated in the State of Delaware, and Jubilant Life Sciences being incorporated in India, Jubilant Pharma being incorporated in Singapore, and Jubilant Generics being incorporated in India may be sued in any judicial district in the United States in which they are subject to the Court's personal jurisdiction.

29.    This Court has personal jurisdiction over Jubilant Life Sciences, *inter alia*, under Federal Rule of Civil Procedure 4(k)(2), because Jubilant Life Sciences is organized under the laws of India.

30.    This Court has personal jurisdiction over Jubilant Pharma, *inter alia*, under Federal Rule of Civil Procedure 4(k)(2), because Jubilant Pharma is organized under the laws of Singapore.

31.    This Court has personal jurisdiction over Jubilant Generics *inter alia*, under Federal Rule of Civil Procedure 4(k)(2), because Jubilant Generics is organized under the laws of India.

32.    This Court has personal jurisdiction over Jubilant USA because, *inter alia*, Jubilant USA is organized and existing under the laws of the State of Delaware.

33.    This Court has personal jurisdiction over Jubilant Cadista because, *inter alia*, Jubilant Cadista is organized and existing under the laws of the State of Delaware.

34.    Upon information and belief, Jubilant USA maintains continuous and systematic contacts with Delaware through its authorized U.S. agent, Corporation Service Company, located at 251 Little Falls Drive, Wilmington, DE 19808.

35.    Upon information and belief, Jubilant Cadista maintains continuous and systematic contacts with Delaware through its authorized U.S. agent, United Corporate Services, Inc., located at 874 Walker Road, Suite C, Dover, DE 19904.

36.    This Court also has personal jurisdiction over Jubilant because at least one provision of the Delaware long-arm statute, 10 Del. C. § 3104(c), is satisfied. On information and belief, Jubilant satisfies at least § 3104(c)(1) ("[t]ransacts any business or performs any character of work or service in the State), § 3104(c)(2) ("[c]ontracts to supply services or things in this State"), § 3104(c)(3) ("[c]auses tortious injury in the State by an act or omission in this State), § 3104(c)(4) "[c]auses tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State"), and § 3104(c)(5) ("[h]as an interest in, uses or possesses real property in the State").

37.    This Court also has personal jurisdiction over Jubilant because, *inter alia*, this action arises from activities of Jubilant directed toward Delaware.

38.    Upon information and belief, the effort to seek approval for ANDA No. 211219 and to manufacture, import, market, and/or sell Jubilant's Generic Product upon approval has

been a cooperative and joint enterprise and venture between Jubilant Life Sciences, Jubilant Pharma, Jubilant Generics, Jubilant USA, and Jubilant Cadista.

39.    Upon information and belief, Jubilant Life Sciences, Jubilant Pharma, Jubilant Generics, Jubilant USA, and Jubilant Cadista have an express and/or implied agreement to cooperate in the joint enterprise and venture of preparing, filing and maintaining ANDA No. 211219 and in commercializing Jubilant's Generic Product in the United States, including in this judicial district, in accordance with ANDA 211219 upon approval.

40.    Upon information and belief, Jubilant Life Sciences, Jubilant Pharma, Jubilant Generics, Jubilant USA, and Jubilant Cadista have thus been, and continue to be, joint and prime actors in the drafting, submission, approval and maintenance of ANDA No. 211219.

41.    This Court has personal jurisdiction over Jubilant by virtue of the fact that, *inter alia*, Jubilant has committed—or aided, abetted, induced, contributed to, or participated in the commission of—the tortious act of patent infringement that has led and/or will lead to foreseeable harm and injury to Plaintiffs.

42.    On information and belief, and consistent with their practice with respect to other generic products, following FDA approval of ANDA No. 211219, Jubilant will market, distribute, and sell Jubilant's Generic Product described in ANDA No. 211219 throughout the United States, including in Delaware.

43.    This Court also has personal jurisdiction over Jubilant because, *inter alia*, Jubilant has purposefully availed itself of the rights and benefits of Delaware law by engaging in systematic and continuous contacts with Delaware. Upon information and belief, Jubilant, either directly or through affiliates, currently sells significant quantities of generic drug products in the United States and in the State of Delaware. According to Jubilant Life Sciences' website, it is

"[a]n integrated global pharmaceutical and life sciences company." *See* http://www.jubl.com/about-us/company-profile (accessed June 8, 2020). Jubilant Pharma's website states that Jubilant Pharma is a "leading formulations player engaged in the development, manufacture, sale, and distribution of proprietary generic pharmaceutical products principally in the United States." *See* https://www.jubilantpharma.com/generics (accessed June 8, 2020). Furthermore, Jubilant Life Sciences' website states that "Jubilant Generics, is one of the business arms of Jubilant Pharma Group" and that Jubilant Generics has "85 filed ANDAs in US." *See* https://www.jubl.com/Uploads/image/726imguf_AW_DFFolder_BacktoBack(United).pdf (accessed June 8, 2018). Additionally, Jubilant Pharma's website states that "[i]n the United States market, since [Jubilant] commenced operations through to December 31, 2019, [they] have made a total of 98 ANDA filings for solid dosage formulations, of which 36 are pending approval" and that Jubilant is "[o]ne of the market leaders in the United States, based on market share of several key products." *See* https://www.jubilantpharma.com/generics; https://www.jubilantpharma.com/about-us/about-jubilant-pharma (accessed June 8, 2020). Jubilant Cadista's website states that "Jubilant Cadista is US-based generic pharmaceutical business that utilizes its diverse global resources to develop, manufacture and market difficult-to-source products" and that Jubilant Cadista's focus has led "towards new and increasingly difficult to develop products." *See* https://www.cadista.com/about-us/corporate-profile; https://www.cadista.com/products/product-focus (accessed June 8, 2020). Furthermore, Jubilant Cadista's website states that "Jubilant Cadista Pharmaceuticals, Inc, is a subsidiary of Jubilant Pharma" and "Jubilant Life Sciences Limited is the parent company of Jubilant Pharma." *See* https://www.cadista.com/about-us/corporate-profile (accessed June 8, 2020). On information and

belief, Jubilant derives substantial revenue from the sale of those products in Delaware and has availed itself of the privilege of conducting business within the State of Delaware.

44.    This Court also has personal jurisdiction over Jubilant because Jubilant did not contest jurisdiction in the First Suit.

45.    For these reasons and other reasons that will be presented to the Court if jurisdiction is challenged, the Court has personal jurisdiction over Jubilant.

## FACTUAL BACKGROUND

### The NDA

46.    Sunovion is the holder of New Drug Application ("NDA") No. 022416 for APTIOM® (eslicarbazepine acetate) Tablets in 200, 400, 600, and 800 mg dosage forms.

47.    The FDA approved NDA No. 022416 on November 8, 2013 for use as adjunctive therapy of partial-onset seizures.

48.    The FDA approved NDA No. 022416 on August 27, 2015 for use as monotherapy of partial-onset seizures.

49.    The FDA approved NDA No. 022416 on September 13, 2017 for pediatric patients 4 years of age and older.

50.    APTIOM® Tablets are prescription drugs approved for the treatment of partial-onset seizures in patients 4 years of age and older.  Eslicarbazepine acetate is the active ingredient in the APTIOM® Tablets.

### The Patent-in-Suit

51.    The '287 patent, titled "Methods of Treatment of Partial Onset Seizures Using Eslicarbazepine Acetate," was duly and legally issued by the United States Patent and Trademark Office on June 9, 2020.  A true and correct copy of the '287 patent is attached as Exhibit A.

52.    BIAL - PORTELA & CA S.A. owns the rights to the '287 patent. Sunovion is the exclusive licensee in the United States of the '287 patent.  The '287 patent will expire on May 6, 2025.

53.    Information regarding the '287 patent was submitted to the FDA for listing in the Orange Book in connection with NDA No. 022416 for APTIOM® (Eslicarbazepine Acetate) Tablets.

54.    The '287 patent covers methods for treating a patient with partial-onset seizures by administering once-daily about 1200 mg of eslicarbazepine acetate.

55.    The prescribing information for APTIOM®, instructs physicians to administer APTIOM® Tablets once-daily for the treatment of partial-onset seizures in patients 4 years of age and older in a dosage of about 1200 mg of eslicarbazepine acetate.

56.    Thus, the once-daily use of APTIOM® (Eslicarbazepine Acetate) Tablets in a dosage of about 1200 mg and any generic eslicarbazepine acetate tablets in a dosage of about 1200 mg for the treatment of patients with partial-onset seizures is covered by the '287 patent, and Plaintiffs have the right to enforce the '287 patent.

## The ANDA

57.    On information and belief, Jubilant filed ANDA No. 211219 with the FDA under 21 U.S.C. § 355(j) before January 15, 2018, to obtain FDA approval for the commercial manufacture, use, import, offer for sale, and/or sale in the United States of (eslicarbazepine acetate) Tablets in 200, 400, 600, and 800 mg dosage forms, which are generic versions of Plaintiffs' APTIOM® (eslicarbazepine acetate) Tablets in 200, 400, 600, and 800 mg dosage forms.

58.     Jubilant's Notice Letter alleged that the claims of the '747 patent, the '431 patent, the '135 patent, the '244 patent, the '929 patent, and the '954 patent are invalid and/or will not be infringed by the activities described in Jubilant's ANDA No. 211219. Jubilant's Notice Letter also informed Plaintiffs that Jubilant seeks approval to market Jubilant's Generic Product before the '747, '431, '135, '244, '929, and '954 patents expire.

59.     The '135 and '929 patents expire on April 21, 2026.  The '287 patent will expire on May 6, 2025.

60.     Jubilant's ANDA No. 211219 has been pending before the FDA since at least January 15, 2018, the date of Jubilant's Notice Letter to Plaintiffs.

61.     On information and belief, following FDA approval of Jubilant's ANDA No. 211219, Jubilant will make, use, sell, or offer to sell Jubilant's Generic Product throughout the United States, or import such generic products into the United States before the '287 patent expires.

## COUNT I

### (INFRINGEMENT OF THE '287 PATENT UNDER 35 U.S.C. § 271(e)(2))

62.     Plaintiffs incorporate by reference the prior paragraphs of this Complaint as if fully set forth herein.

63.     On information and belief, Jubilant filed ANDA No. 211219 in order to obtain approval to manufacture, use, import, offer to sell and/or sell Jubilant's Generic Product in the United States before the expiration of the '287 patent.

64.     On information and belief, in its ANDA No. 211219, Jubilant has represented to the FDA that Jubilant's Generic Product is pharmaceutically and therapeutically equivalent to Plaintiffs' APTIOM® tablets.

65.    Under 35 U.S.C. § 271(e)(2)(A), the submission to the FDA of ANDA No. 211219 seeking approval for the commercial manufacture, use, or sale of Jubilant's Generic Product before the expiration date of the '287 patent, constitutes infringement, either literally or under the doctrine of equivalents.

66.    Upon FDA approval of ANDA No. 211219, Jubilant will infringe one or more claims of the '287 patent, either literally or under the doctrine of equivalents under § 271(a) by making, using, offering to sell, selling, and/or importing Jubilant's Generic Product, and by actively inducing infringement by others under § 271(b) and/or contributing to infringement under § 271(c), unless this Court orders that the effective date of any FDA approval of ANDA No. 211219 shall be no earlier than the expiration of the '287 patent and any additional periods of exclusivity.

67.    On information and belief, Jubilant knows, or should know, and intends that physicians will prescribe and patients will take Jubilant's Generic Product for which approval is sought in ANDA No. 211219, and therefore will infringe at least one claim in the '287 patent.

68.    On information and belief, Jubilant had knowledge of the '287 patent and, by its promotional activities and proposed package insert for Jubilant's Generic Product, knows or should know that it will induce direct infringement of at least one of the claims of the '287 patent, either literally or under the doctrine of equivalents.

69.    On information and belief, Jubilant is aware and/or has knowledge that it is advertising an infringing use and/or instructing how to engage in an infringing use because healthcare professionals and/or patients will use Jubilant's Generic Product according to the instructions in the proposed package insert in a way that directly infringes the '287 patent.

70.    The offering to sell, sale, making, and/or importation of Jubilant's Generic Product would actively induce infringement of at least one of the claims of the '287 patent, either literally or under the doctrine of equivalents. Jubilant has knowledge and is aware of Plaintiffs' '287 patent.

71.    On information and belief, if ANDA No. 211219 is approved, Jubilant intends to and will offer to sell, sell, and/or import in the United States Jubilant's Generic Product.

72.    Jubilant has had and continues to have knowledge that Jubilant's Generic Product is especially adapted for a use that infringes the '287 patent.

73.    On information and belief, Jubilant has had and continues to have knowledge that there is no substantial non-infringing use for Jubilant's Generic Product.

74.    On information and belief, Jubilant's actions relating to Jubilant's ANDA No. 211219 complained of herein were done by and for the benefit of Jubilant.

75.    Plaintiffs will be irreparably harmed if Jubilant is not enjoined from infringing or actively inducing infringement of at least one claim of the '287 patent. Pursuant to 35 U.S.C. § 283, Plaintiffs are entitled to a permanent injunction against further infringement. Plaintiffs do not have an adequate remedy at law.

## COUNT II

## (DECLARATORY JUDGEMENT OF INFRINGEMENT OF THE '287 PATENT)

76.    Plaintiffs incorporate by reference the prior paragraphs of this Complaint as if fully set forth herein.

77.    This count arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

78.     There is an actual and justiciable controversy between Plaintiffs and Jubilant concerning infringement of the '287 patent of sufficient immediacy and reality such that the Court may entertain Plaintiffs' request for declaratory relief consistent with Article III of the United States Constitution, and this actual case or controversy requires a declaration of rights by this Court.

79.     Jubilant has made, and continues to make, substantial preparation in the United States to manufacture, offer to sell, sell and/or import Jubilant's Generic Product prior to expiration of the '287 patent.

80.     Jubilant's actions, including, but not limited to, submitting, or causing to be submitted to the FDA, ANDA No. 211219 seeking approval to manufacture, use, import, offer to sell and sell Jubilant's Generic Product before the expiration date of the '287 patent and engaging in litigation, indicate a refusal to change the course of their actions in the face of knowledge of the '287 patent and acts by Plaintiffs.

81.     On information and belief, the FDA could approve Jubilant's ANDA No. 211219 prior to expiration of the '287 patent and as early as the expiration of the '646 patent and conclusion of the First Suit, which is currently scheduled for trial in January 2021.

82.     On information and belief, Jubilant intends to manufacture, use, import, offer to sell and/or sell Jubilant's Generic Product upon FDA approval of ANDA No. 211219.

83.     Upon FDA approval of ANDA No. 211219, Jubilant will infringe one or more claims of the '287 patent, either literally or under the doctrine of equivalents under § 271(a) by making, using, offering to sell, selling, and/or importing Jubilant's Generic Product, and/or by actively inducing infringement by others under § 271(b) and/or contributing to infringement under § 271(c).

84. On information and belief, Jubilant knows, or should know, and intends that physicians will prescribe and patients will take Jubilant's Generic Product for which approval is sought in ANDA No. 211219, and therefore will infringe at least one claim in the '287 patent.

85. On information and belief, Jubilant had knowledge of the '287 patent and, by its promotional activities and proposed package insert for Jubilant's Generic Product, knows or should know that it will induce direct infringement of at least one of the claims of the '287 patent, either literally or under the doctrine of equivalents.

86. On information and belief, Jubilant is aware and/or has knowledge that it is advertising an infringing use and/or instructing how to engage in an infringing use because healthcare professionals and/or patients will use Jubilant's Generic Product according to the instructions in the proposed package insert in a way that directly infringes the '287 patent.

87. The offering to sell, sale, making, and/or importation of Jubilant's Generic Product would actively induce infringement of at least one of the claims of the '287 patent, either literally or under the doctrine of equivalents. Jubilant has knowledge and is aware of Plaintiffs' '287 patent.

88. On information and belief, if ANDA No. 211219 is approved, Jubilant intends to and will offer to sell, sell, and/or import in the United States Jubilant's Generic Product.

89. Jubilant has had and continues to have knowledge that Jubilant's Generic Product is especially adapted for a use that infringes the '287 patent.

90. On information and belief, Jubilant has had and continues to have knowledge that there is no substantial non-infringing use for Jubilant's Generic Product.

91. On information and belief, Jubilant's actions relating to Jubilant's ANDA No. 211219 complained of herein were done by and for the benefit of Jubilant.

92.     Plaintiffs will be irreparably harmed if Jubilant is not enjoined from infringing or actively inducing infringement of at least one claim of the '287 patent.

93.     Plaintiffs are entitled to a permanent injunction against further infringement. Plaintiffs do not have an adequate remedy at law.

94.     Plaintiffs are entitled to a declaratory judgment that future commercial manufacture, use, offer for sale, sale and/or importation of Jubilant's Generic Product prior to expiration of the '287 patent by Jubilant will constitute direct infringement, contributory infringement and/or active inducement of infringement of the '287 patent.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request the following relief:

A.     The entry of judgment under 35 U.S.C. § 271(e)(2)(A) that Jubilant has infringed at least one claim of the patent-in-suit through Jubilant's submission of ANDA No. 211219 to the FDA to obtain approval to manufacture, use, import, offer to sell, and/or sell Jubilant's Generic Product in the United States before the expiration of the patent-in-suit;

B.     The entry of judgment under 35 U.S.C. § 271(a), (b) and/or (c) that Jubilant's making, using, offering to sell, selling or importing Jubilant's Generic Product prior to the expiration of the patent-in-suit will infringe, actively induce infringement, and/or contribute to the infringement of the patent-in-suit under 35 U.S.C. § 271(a), (b) and/or (c);

C.     The issuance of an order that the effective date of any FDA approval of Jubilant's Generic Product shall be no earlier than the expiration date of the patent-in-suit and any additional periods of exclusivity, in accordance with 35 U.S.C. § 271(e)(4)(A);

D.      The entry of a preliminary and/or permanent injunction, enjoining Jubilant and all persons acting in concert with Jubilant from commercially manufacturing, using, offering for sale, or selling Jubilant's Generic Product within the United States, or importing Jubilant's Generic Product into the United States, until the expiration of the patent-in-suit, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

E.      The entry of a preliminary and/or permanent injunction, enjoining Jubilant and all persons acting in concert with Jubilant from seeking, obtaining or maintaining approval of the ANDA until the expiration of the patent-in-suit, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

F.      The issuance of a declaration and the entry of judgment under 28 U.S.C. §§ 2201 and 2202 that any future commercial manufacture, use, offer for sale, sale and/or importation of Jubilant's Generic Product prior to expiration of the '287 patent by Jubilant will constitute direct infringement, contributory infringement and/or active inducement of infringement of the '287 patent under 35 U.S.C. §§ 271(a)-(c);

G.      The issuance of a declaration that this is an exceptional case and an award to Plaintiffs of their costs, expenses, and disbursements in this action, including reasonable attorney fees, pursuant to 35 U.S.C. §§ 285 and 271(e)(4);

H.      An award to Plaintiffs of any further appropriate relief under 35 U.S.C. § 271(e)(4); and

I.      An award to Plaintiffs of any further and additional relief that this Court deems just and proper.

ASHBY & GEDDES

/s/ Steven J. Balick

Steven J. Balick (#2114)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashbygeddes.com
amayo@ashbygeddes.com

*Of Counsel:*

James B. Monroe
Jennifer H. Roscetti
Charles T. Collins-Chase
Lauren J. Dowty
Danielle C. Pfifferling
Meredith H. Boerschlein
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC 20001-4431
(202) 408-4000

*Attorneys for Plaintiffs BIAL - PORTELA &
CA S.A. and BIAL - HOLDING, S.A.*


Dated:  June 9, 2020

MORRIS, NICHOLS, ARSHT & TUNNELL
LLP

/s/ Jennifer Ying

Jack B. Blumenfeld (#1014)
Karen A. Jacobs (#2881)
Jennifer Ying (#5550)
1201 North Market Street, 16th Floor
Wilmington, DE 19801
(302) 658-9200
jblumenfeld@mnat.com
kjacobs@mnat.com

*Attorneys for Plaintiff Sunovion
Pharmaceuticals Inc.*